UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SLOKOWSKY ASOR LAGUERRE,
Petitioner,
v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States, U.S. Department of Justice,
Respondents.

Case No.: 3:26-cv-5566-JES-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Slokowsky Asor Laguerre's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a Response to the Petition, and Petitioner filed a Traverse. ECF Nos. 4 ("Return."), 5 ("Trav."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

Petitioner is a native of Haiti who came to the United States on September 7, 2023, whereupon he was processed and paroled into the United States. Pet. ¶¶ 25–26. An immigration judge terminated removal proceedings against Petitioner in October 2023 without appeal. *Id.* ¶ 5. In October 2025 Petitioner applied for asylum, and his application remains pending. *Id.* On September 24, 2026, ICE detained Petitioner while he was working at a car wash in El Cajon, California. *Id.* ¶ 33. Petitioner is currently detained at Otay Mesa Detention Center. *Id.* ¶ 34. He alleges that, prior to being taken into custody, Respondents failed to provide him with advance written notice of his re-detention, a meaningful opportunity to be heard, and an individualized custody determination before a neutral decisionmaker. *Id.* ¶ 35.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5), and that they have "insufficient information regarding termination of that parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." Return at 2. While Respondents' position is that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), they acknowledge that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions." *Id.* at 2–3 (citing multiple cases holding that discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b), is the controlling law when noncitizens located within the United States are arrested and detained). Consequently, Respondents "defer[] to the Court [as to] the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously paroled by the government in September 2023. Pet. ¶ 45. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, See, e.g., *Rivera v. Warden, Otay Mesa Det. Ctr.*, No.: 26-cv-375-JES-AHG, 2026 WL 310193, at *2–3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No.: 26-cv-270-JES-JLB, 2026 WL 242042, at *2–3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No.: 26-cv-0556-JES-VET, 2026 WL 353355, at *2–3

(S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No.: 26-cv-501-JES-DEB, 2026 WL 280216, at *2–3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No.: 26-cv-492-JES-BLM, 2026 WL 280220, at *2–3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **October 20, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Honorable James E. Simmons Jr.
United States District Judge